BEKINS BAR V RANCH, a Utah Corporation, Plaintiff and Respondent,

v.

UTAH FARM PRODUCTION CREDIT ASSOCIATION, Defendant and Appellant.

No. 17420.

Supreme Court of Utah.

Feb. 10, 1982.

Lowell V. Summerhays and Victor M. Perri, Salt Lake City, for defendant and appellant.

Ralph J. Hafer, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

This is an action to recover an alleged overpayment of attorney fees.

In 1973, defendant loaned to plaintiff a large sum of money, which was evidenced by a promissory note. Said note was secured by a mortgage on plaintiff's ranch property. The balance owed on the note fluctuated over time as payments were made and additional amounts were borrowed. In March, 1975, one James F. Fain purchased all of the stock in plaintiff corporation, which purchase was made subject to the indebtedness under the note. Because of default in payment, the note was turned over for collection to an attorney, Fred Finlinson, in September, 1975. Collection was attempted by a demand letter dated September 8, 1975, without success.

In January, 1976, plaintiff filed proceedings in federal court under Chapter XI of the Bankruptcy Act. During said proceedings, plaintiff paid defendant $45,000 and in September, 1976, the proceedings were terminated. Thereafter, plaintiff secured financing through Mutual of New York to pay off the note. Security Title Company of Southern Utah was retained as escrow agent and closing was set for March 10, 1977.

A few days prior to closing, defendant (through Finlinson) mailed instructions to the escrow agent. Included therein was a statement of the amount defendant claimed to be due and owing on the note as of March 1, 1977. The figure included attorney fees although plaintiff was not so advised. At closing on March 10, plaintiff paid defendant, through the escrow agent, the sum of $346,010.12. Plaintiff immediately protested the amount, claiming an

overpayment.[1] Defendant did not heed the protest but cashed the check and paid Finlinson $17,180.60.

On September 2, 1977, plaintiff brought this suit to recover the alleged overpayment. The trial court found that at the time of closing, plaintiff was indebted to defendant in the amount of $328,829.52 or $17,180.60 less than the amount paid. The trial court also ruled that defendant was entitled to attorney fees under the terms of the note[2] but that $17,180.60 was unreasonable. Based on the evidence submitted, the court found that $3,500 was a reasonable fee. The court subtracted this "reasonable fee" together with costs of $215 from the amount overpaid, and entered judgment in favor of plaintiff in the amount of $13,467.60 plus interest. Defendant appeals and contends (1) the evidence reflects an accord and satisfaction of all claims between the parties, including attorney fees; and (2) the court erred in finding the $17,180.60 fee to be unreasonable.

The first contention is essentially that payment of the amount claimed by defendant constituted an accord and satisfaction as a matter of law. The elements of accord and satisfaction were stated by this Court in *Tates, Inc. v. Little America Refining Co.*[3] Pertinent language therefrom reads as follows:

> This doctrine [accord and satisfaction] requires that there be a dispute or uncertainty as to the amount due and that the parties enter into an agreement that the debtor will pay, and the creditor will accept, the lesser amount as a compromise of their differences and in satisfaction of the debt. The authorities dealing with this problem ... uniformly affirm that it must clearly appear that the parties so understood and entered into a new and substitute contract. To state the matter in traditional contract language: that

there was a definite meeting of the minds on such an agreement.

\* \* \* \* \* \*

The proposition upon which the claimed accord and satisfaction appears to rest is that under the total circumstances described above, the plaintiff either knew, or should be deemed to have known, that the check was being offered in full satisfaction of the debt. But such a supposition is not sufficient to meet the requirements of the rule set forth in the authorities hereinabove referred to: that to bind the plaintiff to a new contract, it must be made to appear that it was clearly so understood and agreed. [Citations omitted.]

In the instant case, the record is clear (and the court specifically found) that there was no agreement with respect to the amount of attorney fees. Plaintiff was not notified at any time prior to payment that the amount defendant claimed at closing included attorney fees. Although plaintiff paid the total sum claimed, it did so under protest. Because an agreement was never reached as to the amount of attorney fees, there simply was no accord and satisfaction.

Defendant next contends that the $17,180.60 fee was reasonable and that it was error to hold otherwise. Finlinson testified that the customary fee in foreclosure actions approximated 10% of the principal but that inasmuch as foreclosure proceedings never were actually filed in the instant case (due to pending settlement negotiations), a reasonable fee was 5% of the principal or $17,180.60. It is undisputed that Finlinson did not keep an accurate account of time he actually spent on the matter. Finlinson testified, however, that considerable time was spent. The record shows that Finlinson prepared 2 foreclosure complaints that were never filed, appeared at 4 or 5 hearings in the bankruptcy proceeding, pre-

---

1. Fain testified that had he not closed he would have lost the commitment from Mutual of New York.

2. The note provided as follows:
   In the event this note is placed in the hands of an attorney for collection or suit is brought

on the same, or any portion thereof, the undersigned further agrees to pay a reasonable attorney's fee, together with costs.

3. Utah, 535 P.2d 1228 (1975).

pared several letters, and was involved in negotiations. The trial court ruled that a reasonable fee was $3,500. Based upon Finlinson's testimony (the only evidence before the court as to fees), the court exercised its discretion in determining a reasonable fee.

The record contains substantial evidence to support the judgment of the trial court. Therefore, we do not disturb it.[4]

Affirmed. Costs to plaintiff.

STEWART, OAKS and DURHAM, JJ., concur.

HOWE, J., does not participate herein.

---

4. Constitution of Utah, Article VIII, Section 9; *Sine v. Salt Lake Transportation Co.*, 106 Utah 289, 147 P.2d 875 (1944).